**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NORMAN Y. MINETA, Secretary, United States Department of Transportation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 05-CV-0297-CVE-PJC |
| | ) |
| BOARD OF COUNTY COMMISSIONERS of the COUNTY OF DELAWARE; COUNTY, MONKEY ISLAND DEVELOPMENT AUTHORITY; MID-AMERICA AG NETWORK, INC., a Kansas corporation; PAUL STATEN; ISLAND ENTERPRISES, INC., an Oklahoma Corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is the Government's Motion for Leave to Amend Original Complaint and to Join Additional Parties and Brief in Support (Dkt. # 72). Plaintiff seeks leave of court to amend his complaint to add additional parties "having some actual or claimed interest" in the subject property and to fully explain the equitable relief sought in this action pursuant to 49 U.S.C. § 47101 et seq. Dkt. # 72, at 4. Defendants Paul Staten ("Staten") and Island Enterprises, Inc. ("Island Enterprises") object to plaintiff's motion, because they claim that plaintiff has not complied with LCvR 7.2(l).

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, the court may deny a motion to amend if it finds any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, Staten's and Island Enterprises's sole objection to plaintiff's motion is the alleged failure of plaintiff to comply with LCvR 7.2(l). Local rule 7.2(l) provides:

> In a motion to amend or a motion to add parties, the movant shall state (1) the deadline date established by the scheduling order, if any, and (2) whether any other party objects to the motion. All such motions shall be accompanied by a proposed order submitted pursuant to the ECF Policy Manual which specifically sets forth what is being amended and/or the names of parties being added.

Defendants argue that the plaintiff has not specifically set forth "what is being amended and/or the names of parties being added." Dkt. # 73, at 2. There is no dispute that plaintiff has complied with the other requirements of LCvR. 7.2(l).

Defendants argue that plaintiff must provide a proposed amended complaint so defendants can evaluate the proposed amendment and make a detailed objection, if necessary. However, plaintiff filed a proposed order listing 26 parties that have an actual or claimed interest in the subject property of this action.[1] See Dkt. # 74, Ex. 1. This satisfies the requirement of LCvR. 7.2(l) that a party seeking to amend his pleadings submit a proposed order specifying the names of the parties to be added. In this instance, plaintiff does not have to submit a copy of the proposed amended complaint, because the proposed order adequately identifies the additional parties that plaintiff intends to add. Plaintiffs have fully complied with LcvR. 7.2(l), and the Court will consider the merits of plaintiff's motion.

---

[1] From the e-mails attached to plaintiff's reply, it does not appear that plaintiff provided this list to defendants before filing his motion to amend. Although plaintiff was not obligated to send defendants a copy of the proposed order, this would have provided defendants the information they requested and may have eliminated the need for defendants to file an objection.

Defendants argue that plaintiff will attempt to add parties to this case that are involved in a separate lawsuit styled Staten v. Deleware County, 04-CV-504-GFK-SAJ (N.D. Okla.). Defendants concerns are unfounded. The two cases are distinct in terms of subject matter and the identity of the parties. Staten and Island Enterprises have filed an action alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") against 18 defendants.[2] This case is an action on behalf of the Federal Aviation Administration to recover grant funds and restrain the named defendants from disposing of property belonging to the federal government. The two cases are legally and factually distinct. Other than making a bare allegations that the two cases might be related, defendants have not shown how they will be prejudiced in the prosecution of their RICO claim if plaintiff's motion to amend is granted in this case. The existence of a separate lawsuit possibly involving similar subject matter and different parties has no bearing on the Court's decision when ruling on plaintiff's motion to amend.

Concerning the merits of plaintiff's motion, the Court finds that plaintiff's motion to amend should be granted. It would be of great benefit to the Court and the parties involved in this case to join all parties with claims to the subject property. This will avoid the need for future litigation over the same issues, and it will ensure that any judgment in this case will be enforceable against all interested parties. Likewise, plaintiff's proposed amendment to fully explain the equitable relief sought in this action should also be granted, as there are a wide range of remedies available under 49 U.S.C. § 47111(f). Under Fed. R. Civ. P. 15(a), leave to amend should be freely given. Plaintiff

---

[2] The Court has reviewed the docket sheet in both cases. Monkey Island Development Authority is the only party currently named in both lawsuits. If plaintiff's motion to amend is granted, The Breakers, LLC, will also be a party in both cases.

has shown that there is good cause for amending his petition, and defendants have not stated a valid objection to the proposed amendments.

**IT IS THEREFORE ORDERED** that Government's Motion for Leave to Amend Original Complaint and to Join Additional Parties and Brief in Support (Dkt. # 72) is **granted**. Plaintiff has leave of court to add the parties listed in Dkt. # 74, Ex. 1, to this action as defendants, and plaintiff may also more fully explain the equitable relief sought in this action. Plaintiff shall file an amended complaint by **March 12, 2007**.

**DATED** this 28th day of February, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT